# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |  |
|---|---|---|
| **BOBBY LEE HAWKS,** | ) | |
| Plaintiff, | ) | Case No. 7:16CV00475 |
| v. | ) | **OPINION** |
| **NEW RIVER VALLEY REGIONAL JAIL (MEDICAL),** | ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Bobby Lee Hawks, Pro Se Plaintiff.*

Plaintiff Bobby Lee Hawks, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that medical officials at the New River Valley Regional Jail ("the jail") denied him treatment for a swollen eye for sixteen days. Upon review of the record, I find that this lawsuit must be summarily dismissed.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Hawks names as a defendant to his § 1983 claims is the jail medical staff, as a group. A group of officials is not a "person" subject to suit under § 1983. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1]

A separate Final Order will be entered herewith.

DATED: October 19, 2016

/s/ James P. Jones
United States District Judge

---

[1] In any event, Hawks' allegations do not state any constitutional claim actionable under § 1983 against anyone. His allegations present merely his disagreement with the jail's medical staff about how time-sensitive his medical need was to have his eye examined by a physician. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)). *See also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").